Official Form 17
(12/04)

# United States Bankruptcy Court

for The District Of Delaware

In re Rodney Scott, Sr.
Bessie M. Scott.
Debtor

Case No. 02-13609 (BLS)

Chapter 13

[Caption as in Form 16A, 16B, or 16D, as appropriate]

**NOTICE OF APPEAL**

Rodney Scott, Sr., the plaintiff [or defendant or other party] appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe) entered in this adversary proceeding [or other proceeding, describe type] on the 4th day of June, 2008.
(month)    (year)

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Rodney Scott, Sr.
Bessie M. Scott
360 Paul Drive
Smyrna, DE 19977

Dated: 16 Jun 08

Signed: Rodney Scott Sr.  16 Jun 08
Attorney for Appellant (or Appellant, if not represented by an Attorney)

Attorney Name: _____

Address: 360 Paul Drive
Smyrna, DE 19977

Telephone No: (302) 653-1341

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

Please Note; The order was sent out on 7 Jun 2008 and we received the order on 11 Jun 2008 this cut into the time in which we had to respond. I also went to get guidance from Steven Holfeld who represented us and he denied us his services.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| RODNEY SCOTT, JR. | ) | Case No. 02-13609 (BLS) |
| BESSIE M. SCOTT, | ) | |
| | ) | Docket Reference No. 38 |
| Debtors. | ) | |

**ORDER REGARDING MOTION TO REOPEN CASE TO DECLARE
THE DEBTOR'S MORTGAGE CURRENT AS OF THE DATE OF DISCHARGE**

Upon consideration of the Motion to Reopen Case to Declare the Debtor's Mortgage Current as of the Date Discharge [Docket No. 38]; and upon consideration of the Response to Debtor's Motion to Reopen Case to Declare the Debtor's Mortgage Current as of the Date of Discharge [Docket No. 42] filed by Litton Loan Servicing, Inc. ("Litton"); and the Court having conducted an evidentiary hearing in this matter on January 9, 2008, at which hearing the Court heard testimony from Debtor Rodney Scott, Jr. and from Ms. Sharon Hall, a Bankruptcy Specialist employed by Litton; the Court hereby FINDS as follows:

1. Debtors have completed their Chapter 13 Plan, including payment in full of a prepetition mortgage arrearage claim in the amount of $6,542.11 filed by Wells Fargo Home Mortgage, Inc. ("Wells Fargo").

2. Servicing of the mortgage at issue was transferred by Wells Fargo to Litton in 2003. See Docket No. 26 (Notice of Transfer of Claim from Wells Fargo to Litton).

3. Debtors timely made all of their post-petition mortgage payments outside of their Plan.

4. Litton seeks payment or allowance in the amount of $2,699.54 for county tax obligations from 2003 through 2007 for the property advanced by Litton.

5. Litton seeks payment or allowance in the amount of $2,572.00 for insurance on the property from 2003 through 2006 advanced by Litton.

6. Litton never manually audited the file on this mortgage from 2003 through 2007, and hence did not notify the Debtors that it was advancing the property taxes and insurance premiums described above until 2007.

7. Litton has already been paid the amounts described in paragraphs 4 and 5 above from the proceeds of the Debtors refinance of the mortgage, though the Debtors made that payment under protest and seek reimbursement through this proceeding.

8. The record reflects that Litton advanced the taxes and insurance premiums, and the Debtors, as owners of the property, benefitted thereby.

9. Substantial time, effort and energy has been expended by both sides in attempting to reconcile this dispute. All of this could have been avoided if Litton had managed this file more diligently and provided the Debtors with regular or even annual statements regarding the status of their loan.

Based upon the foregoing, it is hereby

ORDERED, that the Motion to Reopen is granted, and the case is reopened for the purpose of addressing this dispute, and any Court fee associated with such reopening is hereby waived; and it is further

ORDERED, that Debtors' request for reimbursement is denied, on the ground that the taxes and insurance premiums were properly due and had to be paid, and the Debtors obtained a benefit from such payment; and it is further

ORDERED, that within thirty (30) days of the date of this Order, Litton shall remit to the Debtors the sum of $1,000 as partial recompense for their time and costs expended in resolving a dispute caused largely by Litton's own deficient record-keeping.

Dated: June 4, 2008

Brendan Linehan Shannon
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

Clerk of the Court
824 Market Street
Wilmington DE 19801
(302) 252-2900

Date: **7/18/2008**

To:   District of Delaware
      U. S. Courthouse - 844 King Street
      Wilmington DE 19801

Re:   **Rodney and Bessie M. Scott Sr**
      Case 02-13609
      Appeal BAP #08-43

Enclosed please find the:   **Notice of Appeal docket #63, Appellant Designation of Items #64, Order docket #60**

-

__X__ Filing fee paid on __6/16/08__     Receipt #77492
_____ Filing fee not paid
Please acknowledge receipt on the copy provided.

                      Sincerely,
                      ___/s/_____
                      Betsy Magnuson
                      Deputy Clerk, U.S. Bankruptcy Court

I hereby acknowledge receipt of the above Record on Appeal this _____ day of_____,
2007.

By:_____
    Deputy Clerk, U.S. District Court